## McCabe v. Poland

*Robert J. Taylor,* for plaintiffs.

*Vincent J. Restauri,* for defendant Nancy M. Poland.

*Donald J. Barley,* for defendant James Walter Poland.

MANNIX, *J.,* May 9, 1984 — This Action arises out of a sale of realty to defendants with a purchase money mortgage to plaintiffs by defendants. The subject property is situate at 550 Maplewood Avenue, Ambridge, Beaver County, Pa. Payments were made monthly under said mortgage from August 1974 until August 1983. The August 1983 payment was not made until September 1983. On August 18, 1983, this Action of Mortgage Foreclosure was filed wherein plaintiffs alleged certain defaults under the mortgage in connection with payments of principal and interest, taxes and insurance.

Defendant responded to said complaint by filing an answer and new matter in which they contend: (1) that there was no default; (2) that the claimed attorney's commission was not due and owing; and (3) that Act No. 6 of 1974 (41 P.S. §101 et seq.) is applicable to this transaction and that the mandatory "Notice" requirement as set forth in Section 403 of said Act was not met.

If defendants' third contention is correct, then it is unnecessary to decide the first and second issues and judgment must be entered in favor of defendants in connection with this action of mortgage foreclosure. Therefore, we shall first address the issue of the applicability of Act No. 6 and, if applicable, whether the "notice" requirements were met.

Act No. 6 provides certain protections to mortgagors who have executed "residential mortgages". Said mortgage is defined as follows:

"Residential mortgage" means an obligation to pay a sum of money in an original bona fide principal amount of fifty thousand dollars ($50,000) or less, evidenced by a security document and secured by a lien upon real property located within this Commonwealth containing two or fewer residential units or on which two or fewer residential units are to be constructed and shall include such an obligation on a residential condominium unit. 41 P.S. §101.

In the instant case, it is undisputed that the property covered by the mortgage is a residence purchased for an amount less than $50,000. Although it is also a fact that defendants have used the property in question for business purposes in addition to the residential use, nothing in the statutory language of the Act nor the regulations promulgated thereunder (10 Pa. Code §7.1, et seq.) excludes residences which are also used for business purposes from the definition of "residential mortgage". For this reason, we must conclude that the mortgage in question is a residential mortgage as defined in 41 P.S. §101 and the "notice" requirement set forth in Section 403 of Act No. 6 is applicable to the case at bar.

Section 403 specifies as follows:

§403. Notice of intention to foreclose.

(a) Before any residential mortgage lender may accelerate the maturity of any residential mortgage obligation, commence any legal action including mortgage foreclosure to recover under such obligation, or take possession of any security of the residential mortgage debtor for such residential mort-

gage obligation, such person shall give the residential mortgage debtor notice of such intention at least thirty days in advance as provided in this section.

(b) Notice of intention to take action as specified in subsection (a) of this section shall be in writing, sent to the residential mortgage debtor by registered or certified mail at his last known address and, if different, at the residence which is the subject of the residential mortgage.

(c) The written notice shall clearly and conspicuously state:

(1) The particular obligation or real estate security interest;

(2) The nature of the default claimed;

(3) The right of the debtor to cure the default as provided in section 404 of this act and exactly what performance including what sum of money, if any, must be tendered to cure the default;

(4) The time within which the debtor must cure the default;

(5) The method or methods by which the debtor's ownership or possession of the real estate may be terminated; and

(6) The right of the debtor, if any, to transfer the real estate to another person subject to the security interest or to refinance the obligation and of the transferee's right, if any, to cure the default.

(d) The notice of intention to foreclose provided in this section shall not be required where the residential mortgage debtor, has abandoned or voluntarily surrendered the property which is the subject of a residential mortgage.

In the instant case, no actual "notice" was given to defendants of plaintiffs' intention to foreclose.

The letter of April 26, 1983, sent by plaintiffs' counsel to defendants clearly does not constitute proper notice as set forth in 41 P.S. §403. In re Sharp, 24 B.R. 817, Bankruptcy (1982). Additionally, plaintiffs do not claim that any other "notice" was ever given. Since the statutory "Notice" requirement of Section 403 is a mandatory condition precedent to foreclosure, we must enter a verdict in favor of defendants. General Electric Credit Corp. v. Slawek, 269 Pa. Super. 171, 409 A.2d 420 (1979).

In light of the fact that plaintiffs are not in a position to proceed at this time with this action of mortgage foreclosure, the question of reasonable attorney fees is not properly before the court. Likewise, since proper "notice" was not given in accordance with Section 403, it is unnecessary to determine if there has been an actual "default" for failure of defendants to pay taxes and insurance in the manner called for under the terms of the mortgage.

Additionally, it also is unnecessary to determine if failure to make one monthly payment of principal and interest (in slightly over nine years) during the month it was due constituted an actual "default".

For the foregoing reasons, the following verdict is entered.

## VERDICT

And now, this May 9, 1984, following non-jury trial, the court does hereby dismiss, without prejudice, this action of mortgage foreclosure because of plaintiffs' failure to comply with the mandatory notice provisions of Section 403 of Act No. 6 of 1974 (i.e., 41 P.S. §101 et seq.).

Record costs in this suit are hereby placed on plaintiffs.